UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| YTHYHU KASSA,<br><br>    Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>    Defendant. | CASE NO. C15-513 BHS<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable David W. Christel, United States Magistrate Judge (Dkt. 18), and the government's objections to the R&R (Dkt. 19).

On September 16, 2015, Judge Christel issued the R&R recommending that the Court reverse the decision of the Administrative Law Judge ("ALJ") and remand the matter for further consideration.  Dkt. 18.  On September 30, 2015, the government filed objections.  Dkt. 19.  On October 15, 2015, Plaintiff Ythyhu Kassa ("Kassa") responded. Dkt. 20.

The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

In this case, the issue before the Court is whether a treating physician's medical opinion regarding a claimant's limitations may properly be rejected because the claimant applied for unemployment benefits in Washington. When a treating or examining physician's opinion is contradicted, the opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). In *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155 (9th Cir. 2008), the Ninth Circuit considered the receipt of unemployment benefits in determining an applicants' credibility. *Id*. at 1161–62. The court concluded that the receipt of unemployment benefits was not substantial evidence to support an adverse credibility determination. *Id*. at 1162.

Based on *Carmickle*, the government argues that Judge Christel erred in concluding that the ALJ improperly rejected a treating physician's medical opinion. Dkt. 19 at 1. The government, however, confuses the issues of rejecting a treating physician's opinion and making an adverse credibility determination. While *Carmickle* provides guidance for the latter issue, the Court is unaware of any authority on the former issue. With regard to credibility, an applicant is inconsistent when he applies for disability benefits attesting that he is unable to work and simultaneously applies for unemployment benefits attesting that he is able to work full time. But this inconsistency does not

translate into the context of medical opinion testimony. For example, it is not inconsistent for Kassa to state that he can work full time and his treating physician to opine that Kassa may only sit for two hours at a time before standing. More importantly, a mere application for unemployment benefits, without more, is not substantial evidence to reject a treating physician's medical opinion.

Therefore, the Court having considered the R&R, the government's objections, and the remaining record, does hereby find and order as follows:

(1) The R&R is **ADOPTED**;

(2) The ALJ's decision is **REVERSED**; and

(3) The matter is **REMANDED** for further consideration.

Dated this 9th day of November, 2015.

BENJAMIN H. SETTLE
United States District Judge