1

2

3

4

5

6

7            UNITED STATES DISTRICT COURT
          WESTERN DISTRICT OF WASHINGTON
8                     AT TACOMA

YTHYHU KASSA,

9                                          CASE NO. 2:15-CV-00513-BHS
                    Plaintiff,

10                                         REPORT AND
          v.                               RECOMMENDATION ON
11                                         PLAINTIFF'S MOTION FOR
                                           ATTORNEY'S FEES
CAROLYN W COLVIN, Acting
12 Commissioner of Social Security
Administration,                            Noting Date: March 11, 2016
13
                    Defendant.
14

15        The District Court has referred this action, filed pursuant to 42 U.S.C. § 405(g), to United

16 States Magistrate Judge David W. Christel. *See* Dkt. 25. Plaintiff Ythyhu Kassa filed a Motion

17 for Attorney Fees ("Motion"), seeking attorney's fees pursuant to the Equal Access to Justice

18 Act, 28 U.S.C. § 2412 ("EAJA"). Dkt. 23. Defendant asserts her position in this matter was

19 substantially justified and requests no fee be awarded or, in the alternative, the fee award be

20 reduced by 50% due to the limited success of the appeal. Dkt. 24.

21        The Court concludes Defendant's position was not substantially justified and the

22 requested fees are reasonable. Accordingly, the undersigned recommends Plaintiff's Motion be

23 granted.

24

REPORT AND RECOMMENDATION ON
PLAINTIFF'S MOTION FOR ATTORNEY'S FEES
- 1

**Background and Procedural History**

On September 16, 2016, the undersigned issued a Report and Recommendation finding the ALJ failed to provide specific and legitimate reasons for giving little weight to the opinion of treating physician Dr. Bradford Volk. Dkt. 18, pp. 3-6; 21. The undersigned recommended this case be reversed and remanded for further consideration by the Social Security Administration ("Administration"). Dkt. 18. On November 9, 2015, the Honorable Benjamin H. Settle, the district judge assigned to this case, adopted the Report and Recommendation, reversed the ALJ's decision, and remanded the case pursuant to sentence four of 42 U.S.C. § 405(g) further consideration. Dkt. 21.

On January 26, 2016, Plaintiff filed this Motion. Dkt. 23. Defendant filed a Response, Dkt. 24, and on February 9, 2016, Judge Settle referred the Motion to the undersigned. Dkt. 25.

**Discussion**

In any action brought by or against the United States, the EAJA states "a court shall award to a prevailing party other than the United States fees and other expenses . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). According to the United States Supreme Court, "the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). The government has the burden of proving its positions overall were substantially justified. *Hardisty v. Astrue*, 592 F.3d 1072, 1076 n.2 (9th Cir. 2010) (*citing Flores v. Shalala*, 49 F.3d 562, 569-70 (9th Cir. 1995)). Further, if the government disputes the reasonableness of the fee, it also "has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the

1    prevailing party in its submitted affidavits." *Gates v. Deukmejian*, 987 F.2d 1392, 1397-98 (9th

2    Cir. 1992) (citations omitted). The Court has an independent duty to review the submitted

3    itemized log of hours to determine the reasonableness of hours requested in each case. *See*

4    *Hensley*, 461 U.S. at 433, 436-37.

5        A. *Substantially Justified*

6           In this matter, Plaintiff was the prevailing party because he received a remand of the

7    matter to the administration for further consideration. *See* Dkt. 18, 21, 22. To award a prevailing

8    plaintiff attorney's fees, the EAJA also requires finding the position of the United States was not

9    substantially justified. 28 U.S.C. § 2412(d)(1)(B).

10        The Supreme Court has held "substantially justified" means "'justified in substance or in

11    the main' -- that is, justified to a degree that could satisfy a reasonable person." *Pierce v.*

12    *Underwood*, 487 U.S. 552, 565 (1988). A "substantially justified position must have a reasonable

13    basis both in law and fact." *Guiterrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001) (*citing*

14    *Pierce*, 487 U.S. at 565; *Flores v. Shalala*, 49 F.3d 562, 569 (9th Cir. 1995)). The Court "'must

15    focus on two questions: first, whether the government was substantially justified in taking its

16    original action; and second, whether the government was substantially justified in defending the

17    validity of the action in court.'" *Id.* at 1259 (*quoting Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir.

18    1988)). Thus, for the government to prevail, it must establish both the ALJ's underlying conduct

19    and its litigation position in defending the ALJ's error were substantially justified. *Id.* "[I]f 'the

20    government's underlying position was not substantially justified,'" the Court must award fees

21    and does not have to address whether the government's litigation position was justified. *Toebler*

22    *v. Colvin*, 749 F.3d 830, 832 (9th Cir. 2014) (*quoting Meier v. Colvin,* 727 F.3d 867, 872 (9th

23    Cir. 2013)). The Court notes the fact the Administration did not prevail on the merits does not

24

1 | compel the Court to conclude its position was not substantially justified. *See Kali*, 854 F.2d at

2 | 334.

3 | In this case, the Court concluded the ALJ erred by finding Dr. Volk's opinion was

4 | entitled to little weight because the ALJ provided only a conclusory statement finding the

5 | objective evidence did not support the opinion. It is clearly established an ALJ must do more

6 | than provide a conclusory statement finding the objective evidence does not support a

7 | physician's opinion. *See Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988). As the ALJ

8 | provided only a conclusory statement, the ALJ's decision to give Dr. Volk's opinion little weight

9 | did not constitute a legally sufficient basis to reject the opinion.

10 | The Court also concluded the ALJ erred in finding Dr. Volk's opinion was inconsistent

11 | with Plaintiff certifying to the Washington State Employment Security Department

12 | ("certification") he was able to work. *See* Dkt. 18, pp. 3-6. Plaintiff received unemployment

13 | benefits for the majority of time he alleges he was disabled. Dkt. 18, p. 5. The evidence did not

14 | indicate Plaintiff certified he could work full-time; rather, Plaintiff testified he was willing to

15 | accept a job which fit with his health conditions. *See id*. The ALJ did not cite to evidence in the

16 | record showing Plaintiff certified he was able to perform work beyond the limitations described

17 | by Dr. Volk. *Id.* Further, the record did not contain a copy of Plaintiff's certification or

18 | application for unemployment benefits showing Plaintiff held himself out as capable of

19 | performing full-time work. *Id.* The undersigned concluded the ALJ's finding that Dr. Volk's

20 | opinion was inconsistent with Plaintiff certifying he was able to work was not supported by

21 | substantial evidence. *Id*. at pp. 5-6.

22 | Based on the above stated errors, the Court recommended the ALJ's decision be reversed

23 | and remanded as the ALJ failed to provide specific and legitimate reasons supported by

24 |

REPORT AND RECOMMENDATION ON
PLAINTIFF'S MOTION FOR ATTORNEY'S FEES
- 4

1  substantial evidence for giving little weight to Dr. Volk's opinion. Dkt. 18. Judge Settle adopted

2  this Report and Recommendation. Dkt. 21.

3       In her Response, Defendant asserts the ALJ's decision finding Dr. Volk's opinion was

4  inconsistent with Plaintiff's certification he was able to work was substantially justified. *See* Dkt.

5  24. Defendant therefore maintains the Administration's position was substantially justified

6  because (1) there is no legal authority upholding the rejection of a medical opinion because a

7  plaintiff received unemployment benefits; (2) it was reasonably based in law and fact; and (3)

8  reasonable minds disagreed on whether a medical opinion can be rejected because of the receipt

9  of unemployment benefits. *Id.*

10       First, Defendant asserts the ALJ's position was substantially justified because there is a

11  lack of clear, published legal standards related to rejecting a medical opinion when the plaintiff

12  attests he is able to work when applying for unemployment benefits while simultaneously

13  attesting he is unable to work when applying for disability benefits. Dkt. 24, pp. 2-3. Courts have

14  found a lack of clear legal standards in a relevant area of law may show the government's

15  position was substantially justified. *See Blaylock Electric v. NLRB*, 121 F.3d 1230, 1236 (9th Cir.

16  1997) (delay in withdrawing a complaint was substantially justified in part due to the "lack of

17  standards regarding post-trial timing issues"); *Ricker v. Colvin*, 2014 WL 715514, *3 (D. Ore.

18  Feb. 24, 2014) (finding the government's position was substantially justified "given the lack of

19  clear legal standards in the relevant area of law and the existence of a recent decision in th[e]

20  district construing similar facts in a way favorable to the government's position").

21       Here, the lack of a clear, published legal standard is immaterial to the issue of whether

22  the ALJ erred in finding Dr. Volk's opinion was inconsistent with Plaintiff's certification he was

23  able to work. The ALJ's decision was reversed and remanded because the record did not contain

24

REPORT AND RECOMMENDATION ON
PLAINTIFF'S MOTION FOR ATTORNEY'S FEES
- 5

1  substantial evidence to support the ALJ's findings, not because of an unclear legal standard. *See*

2  Dkt. 18, p. 5; 21, p. 3. The law clearly establishes an ALJ's opinion must be supported by

3  substantial evidence. *See Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (When a treating or

4  examining physician's opinion is contradicted, the opinion can be rejected "for specific and

5  legitimate reasons that are supported by substantial evidence in the record."). The Court is not

6  persuaded the ALJ's position was substantially justified because there is no clear legal standard

7  in the relevant area of law.

8        Second, Defendant contends the Administration's position was substantially justified

9  because it had a reasonable basis in both law and fact. Dkt. 24, pp. 3-4. Defendant maintains

10  there was a reasonable basis in fact because Plaintiff applied for unemployment benefits and, as

11  such, held himself out as able to work full-time. *Id.* at p. 3. As discussed above, the evidence did

12  not show Plaintiff certified he could work full-time; rather, Plaintiff testified he was willing to

13  accept a job which accommodated his health conditions. *See* Dkt. 18, p. 5. There was no

14  evidence in the record supporting Defendant's position that Plaintiff held himself out as capable

15  of working full-time. As there was not substantial evidence for the ALJ to reject Dr. Volk's

16  opinion, Defendant's position in the underlying action did not have a reasonable basis in fact.

17  *See Prohaska v. Commissioner of Social Sec. Admin.*, 2015 WL 1879670, *2 (D. Ore. April 23,

18  2015) (finding the ALJ's decision was not reasonably based in fact because the record lacked

19  clarity to support the ALJ's conclusion).

20        Defendant also contends the Administration's position had a reasonable basis in law

21  because an ALJ can reject a medical opinion which is inconsistent with a plaintiff's allegations

22  or daily activities. Dkt. 24, p. 4. While Defendant's recitation of the law is accurate, this case

23  was reversed and remanded because the ALJ's decision was not supported by substantial

24

1  evidence. *See* Dkt. 18. As the ALJ's decision was not supported by substantial evidence, the

2  underlying position did not have a reasonable basis in the law. *See Lester*, 81 F.3d at 830; *Meier*,

3  727 F3d at 872 (there is a strong indication the government's position was not substantially

4  justified when the agency's decision is unsupported by substantial evidence); *Corbin v. Apfel*,

5  149 F.3d 1051, 1053 (9th Cir. 1998) ("the defense of basic and fundamental errors . . . is difficult

6  to justify").

7         Third, Defendant states the Administration's position was substantially justified because

8  there is a dispute over which reasonable minds differed. Dkt. 24, pp. 4-5. Specifically, Defendant

9  argues the Magistrate Judge and District Judge reached different conclusions on whether a

10  medical opinion can be rejected based on the receipt of unemployment benefits. *Id.*

11         A position may be substantially justified when "there is a dispute over which 'reasonable

12  minds could differ.'" *Gonzales v. Free Speech Coalition*, 408 F.3d 613, 618 (9th Cir. 2005)

13  (*quoting League of Women Voters of Cali. v. F.C.C.*, 798 F.2d 1255, 1260 (9th Cir. 1986)). Here,

14  the undersigned found the evidence in the record did not support the ALJ's conclusion that Dr.

15  Volk's opinion was inconsistent with Plaintiff's certification he was able to work. Dkt. 18. The

16  undersigned concluded Plaintiff's receipt of unemployment benefits was not substantial evidence

17  to reject Dr. Volk's opinion. *Id*. Judge Settle also found "a mere application for unemployment

18  benefits, without more, is not substantial evidence to reject a treating physician's medical

19  opinion." Dkt. 21, p. 3. Both the Magistrate Judge and District Judge agreed; the application for

20  unemployment benefits does not, alone, show an inconsistency between Dr. Volk's opinion and

21  Plaintiff's certification he was able to work. As such, Defendant has failed to show her position

22  is substantially justified because reasonable minds disagreed.

23

24

1    For the above stated reasons, the Court concludes the Administration has not shown its

2    position was substantially justified. The Court also concludes there are no special circumstances

3    which render an EAJA award in this matter unjust. Accordingly, the Court recommends Plaintiff

4    be awarded attorney's fees under the EAJA.

5    B.  *Reasonable Fee Award*

6    Once the Court determines a plaintiff is entitled to a reasonable fee, "the amount of the

7    fee, of course, must be determined on the facts of each case." *Hensley*, 461 U.S. at 429, 433 n.7.

8    "[T]he most useful starting point for determining the amount of a reasonable fee is the number of

9    hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id.* at 433.

10   Here, Plaintiff prevailed on the claim of whether the denial of his social security

11   application was based on substantial evidence in the record as a whole and not based on harmful

12   legal error. When the case involves a "common core of facts or will be based on related legal

13   theories . . . the district court should focus on the significance of the overall relief obtained by the

14   plaintiff in relation to the hours reasonably expended on the litigation." *See id.* at 435. Where a

15   plaintiff "has obtained excellent results, his attorney should recover a fully compensatory fee."

16   *Id.* Further, attorney's fees may be awarded for counsel's time spent in applying for the EAJA

17   award. *See Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 157 (1990) (fees for time and expenses

18   incurred in applying for fees were covered in EAJA cases).

19   The Court concludes, based on a review of the relevant evidence, Plaintiff obtained a

20   reversal of the ALJ decision and remand for review of the entire record, which is an excellent

21   result. Therefore, the Court will look to "the hours reasonably expended on the litigation,"

22

23

24

1   which, when combined with the reasonable hourly rate, encompasses the lodestar. [1] *See Hensley*,

2   461 U.S. at 435. These guidelines are consistent with Washington Rules of Professional Conduct

3   1.5.

4        Defendant argues Plaintiff should receive no more than 50% of the requested attorney's

5   fees because Plaintiff had limited success on appeal. Dkt. 24, pp. 5-6. Specifically, Defendant

6   contends Plaintiff prevailed on only one of the four issues raised in his Opening Brief. *Id.*

7        The Court reviews only the "issues that led to remand" in determining if an award of fees

8   is appropriate. *See Toebler*, 749 F.3d at 834. "[T]he court's rejection of or failure to reach certain

9   grounds is not a sufficient reason for reducing a fee. The result is what matters." *See Hensley*,

10  461 U.S. at 435. Plaintiff was successful on appeal and received the requested relief, reversal and

11  remand of the ALJ's decision. The EAJA award should not be reduced simply because the Court

12  did not make findings as to each issue raised on appeal. Accordingly, the Court finds Defendant

13  has not shown a reduction in the attorney's fee request is appropriate in this case.

14       Plaintiff requests the Court award fees for 27.05 attorney hours and 2.5 paralegal hours

15  expended in this case. Dkt. 23, 23-2. Given the facts and circumstances of the matter, and based

16  on the briefing, declarations and attorney time sheet, the Court concludes the amount of time

17  incurred by Plaintiff's attorney and paralegal in this matter is reasonable. Specifically, the Court

18  finds Plaintiff's request for expenses in the amount of $ 26.65 and attorney's fees in the amount

19  of $ 5,330.84, representing 29.55 hours of work, for a total award of $ 5,357.49 reasonable.

20

21

22       [1] Relevant factors to consider are identified in *Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714 (5th Cir. 1974), as: (1) The time and labor involved; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary

23  fee; (6) whether the fee is fixed or contingent: (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10); the 'undesirability' of the case;

24  (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19 (citations omitted).

1

## Conclusion

2    The Court recommends the following:

3    Plaintiff's request for $ 26.65 in expenses be granted.

4    Plaintiff be awarded $ 5,330.84 in attorney's fees, representing 29.55 hours of work, for a

5 total award of $ 5,357.49, pursuant to the EAJA and consistent with *Astrue v. Ratliff*, 560 U.S.

6 586 (2010).

7    The Court also recommends Plaintiff's award be subject to any offset allowed pursuant to

8 the Department of Treasury's Offset Program. *See id.* at 595-98. If it is determined Plaintiff's

9 EAJA fees are not subject to any offset, or if there is a remainder after an offset, it is

10 recommended the check be mailed to Plaintiff's counsel, Victoria B. Chhagan, at Douglas,

11 Drachler, McKee & Gilbrough, 1904 Third Ave., Ste. 1030, Seattle, WA 98101.

12    Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

13 fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P.

14 6. Failure to file objections will result in a waiver of those objections for purposes of de novo

15 review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit

16 imposed by Rule 72(b), the clerk is directed to set the matter for consideration on March 11,

17 2016, as noted in the caption.

18    Dated this 23rd day of February, 2016.

19

20    David W. Christel
    United States Magistrate Judge

21

22

23

24